**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: October 20, 2022
Date Decided: January 19, 2023

David E. Ross, Esquire
Anthony M. Calvano, Esquire
Ross Aronstam & Moritz LLP
1313 N. Market Street, Suite 1001
Wilmington, Delaware 19801

Bartholomew J. Dalton, Esquire
Michael C. Dalton, Esquire
Dalton & Associates, P.A.
1106 W. 10th Street
Wilmington, Delaware 19806

Adam Balick, Esquire
Melony Anderson, Esquire
Michael C. Smith, Esquire
Balick & Balick, LLC
711 King Street
Wilmington, Delaware 19801

RE: *Steven E. Schwartz v. Cognizant Technology Solutions Corporation*,
C.A. No. 2021-0634-LWW

Dear Counsel:

I write regarding the defendant's Motion for an Accounting and Set Off of Advanced Fees Incurred in Plaintiff's Injunction Action (the "Motion"). Cognizant Technology Solutions Corporation seeks an order compelling plaintiff Steven E. Schwartz to provide a certified accounting for legal fees and expenses incurred in this case and permitting Cognizant to offset those costs against future advances made to Schwartz.

The Motion is procedurally peculiar. It is brought in neither an advancement nor an indemnification proceeding, but rather amid a plenary action. It concerns both previously advanced fees and those that could be sought in the future. For reasons of judicial efficiency and practicality, the Motion is denied.

## I.   BACKGROUND

Schwartz is the former Executive Vice President, Chief Legal Officer, and Corporate Affairs Officer of Cognizant.[1] He is a defendant in various lawsuits arising from alleged violations of the Foreign Corrupt Practices Act.[2] In December 2019, Schwartz brought an advancement action in this court that invoked an Indemnification Agreement with Cognizant.[3] Chancellor Bouchard entered an order granting partial summary judgment in Schwartz's favor in April 2020 (the "Implementing Order").[4] Cognizant has since honored its obligation to advance certain fees and expenses to Schwartz.

---

[1] Verified Compl. for Inj. Relief ("Compl.") ¶ 4 (Dkt. 1).

[2] *See Schwartz v. Cognizant Tech. Sols. Corp.*, 2022 WL 880249, at *2 (Del. Ch. Mar. 25, 2022) (describing lawsuits and investigations); *see, e.g.*, *United States v. Coburn*, 439 F. Supp. 3d 361 (D.N.J. 2020); *S.E.C. v. Coburn*, 2019 WL 6013139 (D.N.J. Nov. 14, 2019); *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2020 WL 3026564 (D.N.J. June 5, 2020); *In re Cognizant Tech. Sols. Corp. Deriv. Litig.*, 2022 WL 4483595 (D.N.J. Sept. 27, 2022) (dismissing derivative claims; appeal filed).

[3] *Schwartz v. Cognizant Tech. Sols. Corp.*, C.A. No. 2019-1004-AGB (Del. Ch.); *see* Compl. Ex. G § 10 (Dkt. 2).

[4] *Schwartz*, C.A. No. 2019-1004-AGB (Del. Ch. Apr. 17, 2020) (ORDER).

In June 2021, Cognizant sued Schwartz's federal counsel in the United States District Court for the Southern District of New York for purported fraudulent billing practices (the "Federal Action").[5] In response, Schwartz filed the present anti-suit injunction action in this court (the "Injunction Action") on July 21, 2021. Two motions in the Injunction Action followed.

First, Schwartz filed a motion for an anti-suit injunction and civil contempt.[6] Specifically, Schwartz asked the court to enjoin Cognizant from prosecuting the Federal Action and to hold Cognizant in civil contempt for violating the Implementing Order. I denied that motion in a March 25, 2022 memorandum opinion, explaining that this court cannot bar a party from proceeding in an *in personam* lawsuit in a federal court with jurisdiction.[7] I also held that Schwartz failed to identify any violation of the Implementing Order by Cognizant.[8]

Second, Cognizant filed a Motion for Clarification that asked the court to revise the Implementing Order by requiring Schwartz to certify that his

---

[5] *See Cognizant Tech. Sols. Corp. v. Bohrer PLLC*, 2022 WL 1720319 (S.D.N.Y. May 27, 2022) (granting the defendants' motion to dismiss due to a Delaware forum selection clause).

[6] Dkt. 29.

[7] *Schwartz v. Cognizant Tech. Sols. Corp.*, 2022 WL 880249, at *3 (Del. Ch. Mar. 25, 2022).

[8] *Id.* at *6 ("Cognizant did not violate the Dismissal Order by filing the SDNY Action. Nor did it 'fail to obey' the Implementing Order.").

advancement requests did not concern the Federal Action.[9]  I denied that motion in a March 14, 2022 letter opinion.[10]  I explained that the Implementing Order unambiguously "makes clear that only certified expenses *for* [a federal criminal action and an action brought by the Securities and Exchange Commission] are presumed to be reasonable for purposes of advancement."[11]

For a time, Cognizant advanced the fees and expenses Schwartz incurred in the Injunction Action without objection.  Cognizant "believed it was not required to advance those expenses, [but] did so to avoid a premature dispute with Schwartz and additional (albeit unfounded) claims that it should be held in contempt for violating the Implementing Order."[12]  It no longer wishes to do so.

On May 25, Cognizant sent a letter to Schwartz's Delaware counsel demanding that Schwartz "repay the expenses Cognizant advanced to him in connection with" the Injunction Action.[13]  It asserted that Schwartz was not entitled to advancement or indemnification for the Injunction Action under the

---

[9] Dkt. 40.

[10] *Schwartz v. Cognizant Tech. Sols. Corp.*, C.A. No. 2021-0634-LWW (Del. Ch. Mar. 14, 2022) (Dkt. 46) ("Letter Decision").

[11] *Id.* at 4.

[12] *See* Def.'s Mot. for an Accounting and Set Off of Advanced Fees Incurred in Pl.'s Inj. Action (Dkt. 49) ("Def.'s Acct. Mot.") ¶ 17.

[13] *Id.* Ex. C at 1.

terms of the parties' Indemnification Agreement.[14] Schwartz's counsel rejected Cognizant's demand.[15]

Cognizant subsequently filed the Motion. It seeks a determination that Schwartz is not entitled to advancement or indemnification for fees incurred in the Injunction Action under the Indemnification Agreement and Cognizant's bylaws. And it requests an order requiring Schwartz to provide an accounting of such fees and permitting Cognizant to offset the total against future requests for advancement. Schwartz opposes the Motion as premature since the underlying actions have not concluded.[16]

## II. ANALYSIS

The fees and expenses at issue in the Motion can be assessed in two categories: (1) those already advanced by Cognizant, and (2) those that Schwartz might demand advancement for in the future.

Regarding the former, it would be inappropriate to order Schwartz to undertake an accounting now. In *Kaung v. Cole National Corp.*, the Delaware Supreme Court explained that a party's right to recoup previously advanced funds should not be addressed until an ultimate determination of indemnification is

---

[14] *See id.* Ex. C at 2-3.

[15] *See id.* Ex. D at 2.

[16] Pl.'s Opp'n to Def.'s Acct. Mot. (Dkt. 53) ¶ 22.

made.[17]   Permitting Cognizant to offset expenses after an accounting is not meaningfully different from the repayment contemplated in *Kaung*.  It would still require the court to undertake a granular review of fees before a non-appealable final judgment has been rendered.[18]

Regarding the latter, it would also be improvident to opine on whether Schwartz is entitled to future advancement for the Injunction Action.  This is, of course, not an advancement action.  Yet Cognizant essentially asks me to treat it as such.

---

[17] 884 A.2d 500, 509 (Del. 2005) (holding that the Court of Chancery's determination of liability for sums previously advanced voluntarily was "premature, just as a direct recoupment claim would have been by [the defendant] for fees it advanced"); *see also Perryman v. Stimwave Techs., Inc.*, 2021 WL 1423468, at *2 (Del. Ch. Apr. 15, 2021).

[18] *See Hampshire Grp. Ltd. v. Kuttner*, 2010 WL 2739995, at *53 (Del. Ch. July 12, 2010) ("Rather than violate settled principles that dictate that indemnification claims be addressed when the underlying matter for which indemnification is sought is final, I prefer to follow the proper order and address indemnification in a later proceeding."); *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009) ("It would be inefficient and wasteful for the parties and [the court] to deal with indemnification while the underlying landscape continues to evolve."); *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 160, 177 (Del. Ch. 2003) ("Unless some gross problem arises, a balance of fairness and efficiency. . . counsel[s] deferring fights about details until a final indemnification proceeding."); *Simon v. Navellier Series Fund*, 2000 WL 1597890, at *9 (Del. Ch. Oct. 19, 2000) ("As a matter of litigative efficiency, it makes little sense for this court to decide claims for indemnification—as opposed to claims for advancement of litigation expenses—in advance of a non-appealable final judgment.").

I appreciate that Cognizant is wary of violating the Implementing Order, but I decline to advise on whether Cognizant might run afoul of it.[19] If Cognizant believes in good faith that the Injunction Action is not advanceable, it can refuse Schwartz's future requests. Should Schwartz insist that he is entitled to advancement, he can pursue a claim under the proper procedural framework.[20]

Cognizant has not presented any special hardship or unique facts that might warrant a break from standard procedure in adjudicating advancement and indemnification claims. It chose to advance-and-wait rather than to withhold fees and potentially face an advancement action.[21] It understandably now wishes to change course. But I see little benefit to the parties or the court from resolving a dispute about entitlement to advancement and recoupment during this plenary proceeding.[22]

The Motion is therefore denied.

---

[19] I note that I have previously opined on the meaning of the Implementing Order. *See* Letter Decision at 3-4; *Schwartz*, 2022 WL 880249, at *6.

[20] *See* 8 *Del. C.* § 145.

[21] *See* Def.'s Acct. Mot. ¶ 17.

[22] *See Reinhard & Kreinberg v. Dow Chem. Co.*, 2008 WL 868108, at *5 (Del. Ch. Mar. 28, 2008) ("[T]his Court does not relish and will not perform the task of playground monitor, refereeing needless and inefficient skirmishes in the sandbox.").

Finally, it is unclear to me what is left for the court to resolve in the Injunction Action. Schwartz's request for an anti-suit injunction was denied as a matter of law. The Federal Action was dismissed and subsequently refiled in Delaware Superior Court.[23] Schwartz insists that his request for a declaratory judgment that Cognizant violated the Implementing Order remains to be resolved. But this court held otherwise in denying Schwartz's request for a finding of contempt.[24] Within 30 days of this decision, Schwartz is directed to file a letter describing whether he intends to press his claims and setting forth a proposed course of action to reach a final resolution.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[23] *See* Def.'s Acct. Mot. ¶ 13 n.1.

[24] *Schwartz*, 2022 WL 880249, at *6. Other than the Motion, this case has been dormant since my March 25 memorandum opinion was issued.